**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 21 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ROSS PILGREEN**                                                                 **PLAINTIFF**

vs.                                             No. 3:20-cv-144-DPM

**INTIMIDATOR, INC., and INTIMIDATOR**                          **DEFENDANTS**
**SPECIAL VEHICLES TEAM, LLC**

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Ross Pilgreen ("Plaintiff"), by and through his attorneys Tess Bradford and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Intimidator, Inc., and Intimidator Special Vehicles Team, LLC (collectively "Defendant" or "Defendants"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours in excess of forty (40) hours per week.

2.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, with its principal place of business in Batesville.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Northern Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

8. Plaintiff is a citizen of the United States and a resident and domiciliary of Pulaski County.

9. Defendant Intimidator, Inc. ("Intimidator"), is a domestic, for-profit corporation.

10. Intimidator's registered agent for service is Robert Foster, at 1 Bad Boy Boulevard, Batesville, Arkansas 72501.

11. Defendant Intimidator Special Vehicles Team, LLC ("ISVT"), is a domestic limited liability company.

12. ISVT's registered agent for service is Rusty Branscum, at 1525 White Drive, Batesville, Arkansas 72501.

13. Defendants maintain a website at https://intimidatorgroup.com/.

### III.  FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

16. Upon information and belief, the revenue generated from Defendants' entities is merged and managed in a unified manner.

17. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

18. At all relevant times herein, Defendants were an "employer" of Plaintiff within the meaning of the FLSA.

19. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

20. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

21. During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

22. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

23. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

24. At all times material herein, Plaintiff has been misclassified by Defendants as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

25. At all relevant times herein, Defendants directly hired Plaintiff to work in its offices, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

26. Plaintiff was employed by Defendants as a salaried product developer from October of 2017 until May of 2020.

27. As a product developer, Plaintiff's primary duties included, but were not limited to, creating new products which included designing, manufacturing, printing, and contacting machine shops and vendors.

28. Plaintiff did not have the authority to hire or fire any other employee, nor were his recommendations for hiring or firing, if any he ever made, given particular weight.

29. Plaintiff did not exercise independent judgment as to matters of significance.

30. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

31. Plaintiff is not a licensed engineer nor does he have a terminal degree in engineering.

32. Plaintiff regularly worked over forty (40) hours each week.

33. Defendants did not pay Plaintiff one and one-half times his regular rate of pay for hours worked over forty (40) per week.

34. At all relevant times herein, Defendants have deprived Plaintiff of regular wages and overtime compensation for all of his hours worked over forty.

35. Defendants did not reimburse Plaintiff for all work-related expenses, such as gas mileage, automobile expenses, and at least one invoice which Defendants put in Plaintiff's name and then failed to pay.

36. These unreimbursed expenses constitute "kick-backs" under 29 C.F.R. § 531.35, and each unreimbursed expense cut into Plaintiff's minimum wage and/or overtime premiums.

37. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V. FIRST CAUSE OF ACTION—Violation of the FLSA

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

40. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

43. At all times relevant times to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

44. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

45. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

46. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VI. SECOND CAUSE OF ACTION—Violation of the AMWA

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

49. At all times relevant to this Complaint, Defendants were Plaintiff's "employers" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

50. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 in a week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

51. At all times relevant to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

52. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

53. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

### VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ross Pilgreen respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA;

D. A declaratory judgment that Defendants' practices alleged herein violate the AMWA;

E. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

F. Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

G. Judgment for liquidated damages pursuant to the FLSA;

H. Judgment for liquidated damages pursuant to the AMWA;

I. An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

J. For a reasonable attorney's fee, costs and interest; and

K. Such further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ROSS PILGREEN**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com